UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS VILLANUEVA, on behalf of himself and all others similarly situated, Plaintiff, | **COMPLAINT** |
| -against- | **Case No.** |
| ACON CONSTRUCTION/REN CORP., Defendant. | **FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION** |
| | **JURY TRIAL DEMANDED** |

Plaintiff LUIS VILLANUEVA, on behalf of himself and all others similarly situated, by and through his attorneys, Harrison, Harrison & Assoc., Ltd, alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff LUIS VILLANUEVA (referred to herein as "Plaintiff") was employed as a full-time non-exempt employee of ACON CONSTRUCTION/REN CORP. (referred to herein as "Defendant"), subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* and the New York Labor Law (hereinafter referred to as "NYLL").

2. Plaintiff brings this action on behalf of himself and all others similarly situated seeking unpaid wages and unpaid overtime wages based upon Defendant's violations of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.,* and 28 U.S.C § § 1331.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendant maintains its principal places of business in, does business in, and accordingly resides in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

6. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. 1391.

**THE PARTIES**

7. Plaintiff is a resident of the State of New York.

8. At all times relevant to the complaint, Plaintiff was an "employee" of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

9. Plaintiff was employed by Defendant from June 19, 2021 until Plaintiff was briefly terminated in or about October 2024, rehired for another month in or around November 2024, and then permanently terminated in or around December 2024.

10. Plaintiff's written consent to sue is attached hereto as Exhibit "A".

11. Defendant ACON CONSTRUCTION/REN CORP. ("Acon") is a Domestic Business Corporation with its place of business located at 6756 73rd Place,

Middle Village, NY, 11379.

12. Defendant has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff and the other FLSA Collective Plaintiffs, and the Class Members and engaged in the unlawful practices complained of herein.

17. At all times relevant hereto, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

18. At all times relevant hereto, Defendant employed employees, including Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

20. At all times relevant hereto, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

21. Defendant operates a construction company, based in Middle Village, New York.

22. Defendant claims to be a "full service concrete contractor offering a wide range of customizable services to fit all of our customers' needs".[1]

[1] https://www.aconnyc.com/

23. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members are all construction workers employed by Defendant to work on Defendant's various construction jobs in New York, primarily in Manhattan and Brooklyn, but also in Queens and the Bronx.

24. At all times relevant hereto, Defendant employed Plaintiff, the FLSA Collective Plaintiffs, and the Class Members as non-exempt hourly construction workers (hereinafter "Construction Workers").

25. Plaintiff performed various types of construction work for Defendant, including bricklaying and fireproofing, among other tasks.

26. Plaintiff began working for Defendant on June 19, 2021.

27. Defendant paid Plaintiff at an hourly rate of pay.

28. Defendant initially paid Plaintiff at a pay rate of $17/hour. Defendant then increased Plaintiff's pay to $22/hour, $24/hour, $25/hour, $27/hour and lastly to $30/hour at the end of his employment, with most, but not all, pay increases occurring annually in December.

29. Defendant generally scheduled Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, to work between five (5) to six (6) shifts per week, with each shift scheduled for 8 hours per day.

30. At all times relevant hereto, Plaintiff, the FLSA Collective Plaintiffs, and the Class Members were assigned to perform manual labor for Defendant at various construction sites in New York City.

**Pre-Shift Work**

31. Defendant generally scheduled Plaintiff, the FLSA Collective Plaintiffs, and the Class Members to start working at 7:00 AM each day that they worked.

32. Notwithstanding them only being scheduled to start working at 7:00 AM, Defendants maintained a policy where the Construction Workers, including Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, had to report to work each morning at 6:30 AM, thirty (30) minutes prior to their start time.

33. When reporting to work at 6:30 AM, Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, had to perform various types of work, including but not limited to preparing their materials and tools *before* their official shifts started at 7:00 AM.

34. Defendant only paid Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, for their assigned work shifts, from 7:00 AM to 3:30 PM, and never paid them for the work they performed *prior* to 7:00 AM, which was normally about thirty (30) minutes early per day.

35. Despite starting their work at 6:30 AM every day, Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, were only paid from their regular shift start time of 7:00 AM.

36. Defendant's management only recorded - for time keeping purposes - the time when Plaintiff, the FLSA Collective Plaintiffs, and the Class Members were officially scheduled to work, which was 7:00 AM.

37. Defendant did not record - for time keeping purposes - or pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for, the time they spent working prior to their assigned shifts.

**Lunch-Time Work**

38. In addition, Plaintiff's, the FLSA Collective Plaintiffs', and the Class Members' lunch breaks were often interrupted - about two or three times a week – for deliveries - that needed to be immediately attended to.

39. While Defendants' management often promised Plaintiff, the FLSA Collective Plaintiffs, and the Class Members that they would be able to make up their missed/interrupted lunch breaks later, they were never able to, which resulted in them not being paid them for the work they performed during lunch breaks.

40. Defendant did not record - for time keeping purposes - or pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for, the time they spent working during their lunch breaks.

**Post-Shift Work**

41. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, often had to stay and perform work after the end of their assigned shifts, at 3:30 PM, due to them needing to stay to complete their work.

42. Defendant's management would often only record - for time keeping purposes – and pay for, the time when Plaintiff, the FLSA Collective Plaintiffs, and the Class Members were scheduled to leave their job sites, which was 3:30 PM, and not for the extra time that they often stayed and worked.

43. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members often stayed until 4:00 or 5:00 or 6:00 PM, or later. They also regularly worked Saturdays, for the same hours, during the summers.

44. Defendants often paid Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, when they worked two or more hours after the end of their scheduled

shifts.

45. However, Defendants failed to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, when they worked less than two hours after the end of their scheduled shifts.

46. Defendant did not record - for time keeping purposes - or pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for, the all of the time they spent working after their assigned shifts.

**Pay Practices**

47. Defendant paid Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for some – but not all - of the hours they worked.

48. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members often were not compensated for all of their off-the-clock time that they worked (i) before, (ii) in between – i.e. during their unpaid lunch-time, and/or (iii) after the end of their scheduled 8-hour shifts.

49. Defendant did not properly compensate Plaintiff and the Class Members at their promised rates of pay as required by law for all hours they worked for Defendant.

50. Defendant did not properly compensate Plaintiff, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rate of one and one-half times their regular hourly rate of pay as required by law for all hours worked in excess of forty (40) hours per week.

51. Defendant failed to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

52. Defendant failed to keep accurate and sufficient time records as required by Federal and New York State laws.

53. Defendant failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

54. Upon information and belief, Defendant violated NYLL § 195(3) by failing to furnish the Plaintiff and the Class Members with an accurate statement with every payment of wages, listing, among other things, the actual number of hours they worked.

55. Because Defendant failed to furnish the Plaintiff and the Class Members with accurate notices and statements listing, among other things, the actual number of hours they worked, they did not know that Defendant were not paying them for all hours actually worked, which resulted in the underpayments alleged herein.

56. In addition, upon information and belief, Defendant violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, all hours actually worked, gross wages, deductions and net wages for each employee.

57. As a result of Defendant's failure to record, credit, and/or compensate Plaintiff and the FLSA Collective Plaintiffs for the full amount of the hours they worked for Defendant, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. Defendant's record keeping and notice violations prevented Plaintiff, the FLSA Collective Plaintiffs, and Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

59. Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid for all of the hours they worked and overtime premiums for all hours worked in excess of 40 hours in a week.

60. Defendant knew that the nonpayment of wages and overtime premiums would economically injure Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

61. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant at any time as a Construction Workers or similar non-exempt employee, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

63. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per

workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

64. Other Construction Workers and similar non-exempt employees currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other Construction Workers and similar non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.

65. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

66. Plaintiff brings the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and other damages on behalf of all individuals employed in the State of New York by Defendant as Construction Workers and/or similar non-exempt employees, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

67. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant. The dates of employment and the rates of

pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records. Notice can be provided by means permissible under FRCP Rule 23.

68. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of Defendant, Plaintiff believes that through discovery they will obtain evidence to establish that there are well over forty members of the Class.

69. Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendant, in that they were not compensated for (i) all hours worked, and (ii) all overtime hours worked, as required by the NYLL and 12 NYCRR § 142-2.2, and because Defendant failed to provide them with accurate notices as required by NYLL §195(1) and (3). Defendant's policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

70. As fellow employees of Defendant, which failed to adequately compensate Plaintiff and the members of the Class as required by law, Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

71. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained competent and experienced employment litigators to represent him and the Class on this case.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

73. Upon information and belief, employees of Defendant in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect

retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

74. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for all hours worked as required by the NYLL and 12 NYCRR § 142-2.2, and (b) whether Defendant provided Class Members with the notices required by NYLL § 195(1) and § 195(3).

75. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

76. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

77. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

78. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

79. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)**

80. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

81. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying wages for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

82. Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at their promised rate of pay for all hours worked.

83. Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

84. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

85. Plaintiff, on behalf of himself and the Class Members, seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)**

86. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

87. Defendants have willfully failed to supply Plaintiffs and the Class Members with notices as required by NYLL § 195, in English or in the languages identified by Plaintiffs and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88. Defendant has willfully failed to supply Plaintiff and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the

hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

89. Defendant never provided Plaintiff and the members of the Class with an accurate statement of the number of hours that they worked each week.

90. Defendant's violation of NYLL § 195(1) and (3) resulted in Plaintiff and the members of the Class not knowing (i) that they were entitled to overtime premiums and (ii) how many hours they were being compensated for – and resulted in the damages described herein.

91. Defendant violated NYLL § 195(1) and (3) and consequently owe Plaintiff and the members of the Class statutory damages as specified by NYLL § 198.

92. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover statutory damages as provided for by NYLL § 198(1)-d, and NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely

FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiff as the Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY DEMAND**

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: June 11, 2025

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

David Harrison

David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
dharrison@nynjemploymentlaw.com
*Attorney for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT "A"

Soy una empleada actual o anterior de A & E GENERAL PAINTING INC. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

May 12, 2025

Firmado este ____ dia de ________________.

Luis Villanueva (May 12, 2025 22:02 EDT)

Firma

Luis Villanueva

Nombre legal completo (deletreado)